IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | \| |
| v. | \|   1:21-CR-0085-WMR-JSA |
| ERIC TYRONE WEEMS | \| |

**REPORT AND RECOMMENDATION**

Count Three of this Indictment alleges that Defendant Weems, on February 7, 2020, engaged in distribution of controlled substances, "said act involving" distribution of both at least five grams of methamphetamine and "a detectable amount" of heroin. Defendant argues that this Count should be dismissed as duplicitous, that is, because it impermissibly charges the distribution of two different drugs in a single count. For the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss [51] be **DENIED**.

**I.      DISCUSSION**

A duplicitous indictment charges two or more separate and distinct crimes in a single count. *See, e.g., United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997). Conversely, an indictment that does not charge two separate offenses in one count is not duplicitous. Furthermore, where a single penal statute articulates several alternative ways the statute may be violated, and each is subject to the same

1

punishment (as opposed to an independent sentence), the indictment may charge any or all acts that violate that one statute in a single count, and the government can satisfy its burden of proof by proving that the defendant committed any of the acts alleged in violation of the statute. *United States v. Burton*, 81 F.2d 1566 (11th Cir. 1989).

Although Count Three alleges distribution of two different controlled substances, the Government points out that "[t]he specific type and amount of drugs are not elements of the offense; and the indictment simply charged Weems with violating § 841(a) in multiple ways." Gov't Resp. [62] at 5 (citing *United States v. Jackson*, 812 F. App'x 885, 893 (11 Cir. 2020)). Indeed, it appears from the language of the Indictment that Count Three alleges a single "act" of distribution, which "said act" happened to involve more than one illegal substance. The Court agrees with the Government that it is not generally duplicitous to allege such a transaction in a single count, simply because the transaction involved two separate types narcotics.

While the type and amount of narcotics sold will be highly relevant to the applicable sentence, those facts are not themselves elements of the offense. Therefore, it remains that the single "said act" of distribution detailed in Count Three was properly charged in a single count.

To be sure, there could be risk of confusion as to whether the jury has reached unanimity as to the particular type(s) and amount(s) of drugs being sold in this act. Such ambiguity here may create problems because the sale of five or more grams of methamphetamine and a "detectable amount" of heroin do not give rise to the same potential sentences. As the Government points out, however, this potential problem does not necessarily make Count Three "duplicitous" and, in any event, can be addressed by means other than dismissal, such as through appropriate jury charges and a special verdict form. *See, e.g., United States v. Miller*, 891 F.3d 1220, (10 Cir. 2018) (not reaching question of duplicity of a count that "charges a single transaction, albeit one involving multiple drugs, conducted at the same time and place," because "any possible error in the indictment was cured" by instructions that the jury must unanimously agree as to "which controlled substance or substances, if any, the government has proven beyond a reasonable doubt the defendant dispensed, distributed, or caused to be dispensed or distributed.")

Indeed, the Government concedes that a special verdict form would be necessary given the different potential sentences applicable based on the type and quantities of drugs at issue. Gov't Resp. [62] at 8. Such a verdict form, combined with appropriate instructions, would more than resolve any possible unanimity

3

problem resulting from the language of Count Three. Defendant's Motion to Dismiss should therefore be **DENIED**.

With no other pending motions before the undersigned, this case is **READY FOR TRIAL.**

IT SO **RECOMMEDED** this 6th day of January, 2022.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE